FILED

1   Bruce J. Zabarauskas (Cal. Bar No. 248601)
2   THOMPSON & KNIGHT LLP
    10100 Santa Monica Boulevard, Suite 950      2013 AUG 23  PM 3: 38
3   Los Angeles, California 90067
    Telephone: (310) 203-6900
4   Facsimile:  (310) 203-6980

5   Attorneys for Defendant
6   WELLS FARGO BANK, N.A.

7                     UNITED STATES DISTRICT
                  CENTRAL DISTRICT OF CALIFORNIA
8
                                              SACV13-01310 DOC (AGRx)
9   CAROLINE B. WILLIAMS, as Trustee of the  )  Case No. _____
    CAROLINE WILLIAMS CHARITABLE           )
10  REMAINDER UNITRUST, a California Trust;  )
    and BLACK & WILLIAMS FAMILY            )  **DEFENDANT WELLS FARGO, N.A.'S**
11  LIMITED PARTNERSHIP, a Nevada limited   )  **NOTICE OF REMOVAL**
    partnership,                           )                    *Orange*
12                                          )  (Originally filed as ~~Los Angeles~~ Superior
                                           )  Court Case No. 30-2013-00663878-CU-BT-
13                      Plaintiffs,         )  CJC)
                                           )
14        vs.                              )
                                           )
15  WELLS FARGO BANK, N.A., a foreign *unincorporated entity*
16  ~~national bank~~; and THE VANGUARD      )
    GROUP, INC., a foreign corporation; and )
17  DOES 1 through 10,                      )
                                           )
18                      Defendants.         )

19        Defendant Wells Fargo Bank, N.A. ("**Wells Fargo**") hereby removes this action from the

20  Superior Court of the State of California for the County of Los Angeles to the United States

21  District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441(b), and

22  1446., and shows as follows:

23

24

25

26

27

28

       **DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL**
                                    1

## I.      SUMMARY OF ACTION

1.      On July 23, 2013, Plaintiffs Caroline B. Williams, as Trustee of the Caroline Williams Charitable Remainder Trust ("**CRUT**") and Black & Williams Family Limited Partnership ("**Black & Williams**", and collectively with CRUT, the "**Plaintiffs**") filed Case No. Case No. 30-2013-00663878-CU-BT-CJC in the Superior Court of the State of California for the County of Los Angeles against Defendants Wells Fargo and The Vanguard Group, Inc. ("**Vanguard**", and collectively with Wells Fargo, the "**Defendants**").  That lawsuit is referred to herein as the "**State Court Action**."  None of the Defendants have appeared in the State Court Action.

2.      A copy of the Complaint in the State Court Action (the "**Complaint**") is attached as **Exhibit 1**.  All other papers filed in the State Court Action and served on Wells Fargo are attached as **Exhibit 2**.

## II.      TIMELINESS OF REMOVAL

3.      This Notice of Removal is timely because it is filed within 30 days of service of the summons and Complaint as required by 28 U.S.C. § 1446(b).  Plaintiffs served Wells Fargo's designated agent with summons and a copy of the Complaint on July 24, 2013.  Because each Defendant receives its own 30-day period for removal, the date of service on Vanguard is irrelevant.  *See Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011).

## III.      FEDERAL JURISDICTION

4.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because there exists complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

5.     Plaintiff CRUT is a trust organized under the laws of the State of California, for which Caroline B. Williams ("**Williams**") is, and at all times relevant to this lawsuit, was the authorized Trustee of CRUT, and real-party-in-interest in this lawsuit. *See* Plaintiffs' Complaint at ¶ 2. Williams is an individual residing in Orange County, California. *Id.* at ¶ 1. As such, Williams is a citizen of California for purposes of diversity jurisdiction, meaning that CRUT is also a citizen of California for purposes of diversity jurisdiction.

6.     Plaintiff Black & Williams is, and at all times relevant to this lawsuit, was a limited partnership organized under the laws of the State of California. *See* Plaintiffs' Complaint at ¶¶ 3-4. On information and belief, Black & Williams' partners are as follows:

a.     Williams is Black & Williams lone general partner. *See* Plaintiffs' Complaint at ¶¶ 3-4. As stated above, Williams is a citizen of the State of California. *Id.* Thus, Black & Williams is a citizen of the State of California for purposes of diversity jurisdiction.

b.     On information and belief, Black & Williams' limited partner is a citizen of the State of California for purposes of diversity jurisdiction. *See* Plaintiffs' Complaint at ¶¶ 3-4.

7.     Defendant Wells Fargo is a national bank. A national bank is a citizen of the state where its main office is located, as designated on the bank's organization certificate. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318-19 (2006); 28 U.S.C. § 1348. As provided in its articles of association, Wells Fargo's main office is located in Sioux Falls, South Dakota. Thus, Wells Fargo is a citizen of the State of South Dakota for purposes of diversity jurisdiction.

8.     Defendant Vanguard is a corporation organized under the laws of the State of Pennsylvania which maintains its principal place of business in Malvern, Pennsylvania. *See* Plaintiffs' Complaint at ¶ 6. Thus, Vanguard is a citizen of the State of Pennsylvania for purposes of diversity jurisdiction.

3

9.      In the State Court Action, Plaintiffs also sue unidentified Does 1 through 10.   *See* Plaintiffs' Complaint at ¶¶ 8-9.   The citizenship of these persons or entities is also disregarded for purposes of determining whether diversity jurisdiction exists.   *See* 28 U.S.C. § 1441(b)(1).

### IV.      VENUE

10.      Venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 84(c) because this action was originally brought in the Superior Court of the State of California, Count of Los Angeles.

### V.      AMOUNT IN CONTROVERSY

11.      While Wells Fargo denies any liability as to Plaintiff's claims, the amount in controversy is satisfied because Plaintiff seeks damages well in excess of $75,000.   *See* 28 U.S.C. § 1332(a).   In the State Court Action, Plaintiff asserts claims against Defendants for declaratory relief, conversion, trespass to chattels/personal property, intentional interference with contractual relations, intentional interference with prospective economic advantage, and abuse of process.   *See* Plaintiffs' Complaint at ¶¶ 10-23.   These claims allegedly arise out of a writ of garnishment by a Texas state court freezing accounts allegedly owned by Plaintiffs.   *Id.*   In their Complaint, Plaintiffs plead that the accounts are valued as follows:

a.      traditional and Roth IRAs allegedly valued at $409,356.58 and $36,056.99;

b.      an accounted allegedly valued at $17,923.79;

c.      accounts allegedly valued at $1,101,205.90 and $196,116.11.

*See* Plaintiffs' Complaint at ¶¶ 17, 29, 38,

12.      Generally, the amount in controversy is determined from the allegations or prayer of the complaint.   *See* 28 U.S.C. § 1446(c)(2).   "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."   *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347

(1977).  Because Plaintiffs seek damages in excess of the above-amounts allegedly wrongfully by Defendants, the amount in controversy is satisfied for this Notice of Removal.  *See* Plaintiffs' Complaint at pp. 13-14.

13.     Furthermore, Plaintiffs also seek attorneys' fees in the Complaint.  *See* Plaintiffs' Complaint at pp. 13-14.  In determining the amount in controversy, the Court should consider the aggregate value of the claims and attorneys' fees.  *See, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amount).

## VI.     CONSENT OF DEFENDANT VANGUARD

14.     In accordance with 28 U.S.C. § 1446(b)(2)(A), counsel for Wells Fargo has conferred with counsel for Vanguard, the only other Defendant in the case, and Vanguard's counsel has indicated that Vanguard consents to the removal of this action.

## VII.     NOTICE TO PLAINTIFF

15.     Pursuant to 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, written notice of such filing with be served on Plaintiffs' counsel of record:  Edwin R. Cottone, Cottone & Moon, 5000 Birch Street, Suite 3000, Newport Beach, CA  92660.  In addition, a copy of this Notice of Removal will be filed with the Clerk of Court for Los Angeles Superior Court.

For the reasons stated above, Wells Fargo hereby removes the State Court Action to the United States District Court for the Central District of California.

1

2   Dated: August 23, 2013

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THOMPSON & KNIGHT LLP

By: _____
    Bruce J. Zabarauskas
    Attorney for Defendant Wells Fargo
    Bank, N.A.

1 | **PROOF OF SERVICE**

2 | STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3 |      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 10100 Santa Monica Blvd., Suite 950, Los Angeles, California 90067.  On **August 23, 2013**, I served documents described as follows:

- **DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL**

I served the document listed above on the interested parties below, using the following means:

**[X]**     **(BY UNITED STATES MAIL)**     I enclosed the document(s) listed above in a sealed envelope addressed to the persons at the address listed below and placed in the envelope for collection and mailing on the date shown above following our ordinary business practices.  I am readily familiar with this practice of this business for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

Attorneys for Plaintiffs

Edwin R. Cottone, Cottone & Moon,
5000 Birch Street, Suite 3000, Newport
Beach, CA 92660.


     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on August **23**, 2013, at Los Angeles, California.

_____
Bruce J. Zabarauskas

1  **COTTONE & MOON**
2  EDWIN R. COTTONE, ESQ. (SBN 222689)
   PRISCILLA MOON, ESQ. (SBN 220819)
3  5000 BIRCH STREET, SUITE 3000
   NEWPORT BEACH, CA  92660
4  PHONE:  (949) 260-2004
   FACSIMILE:  (949) 861-9922
5  EMAIL:  ed@cottonemoon.com

6  ATTORNEYS FOR PLAINTIFFS:
   CAROLINE B. WILLIAMS, AS TRUSTEE OF THE
7  CAROLINE WILLIAMS CHARITABLE
   REMAINDER UNITRUST; AND BLACK &
8  WILLIAMS FAMILY LIMITED PARTNERSHIP

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**07/23/2013** at 07:22:46 AM
Clerk of the Superior Court
By Sonya Wilson, Deputy Clerk

9

10        SUPERIOR COURT OF THE STATE OF CALIFORNIA

11        COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

12  CAROLINE B. WILLIAMS, as Trustee of the )
13  CAROLINE WILLIAMS CHARITABLE        )
    REMAINDER UNITRUST, a California trust; )
14  and BLACK & WILLIAMS FAMILY          )
    LIMITED PARTNERSHIP, a Nevada limited )
15  partnership,                                          )
16                                                           )
                   Plaintiffs,                             )
17                                                           )
         vs.                                               )
18                                                           )
19  WELLS FARGO BANK, N.A., a foreign      )
    unincorporated entity; and THE VANGUARD )
20  GROUP, INC., a foreign corporation; and  )
    DOES 1 through 10,                             )
21                                                           )
22                 Defendants.                         )
                                                             )
23                                                           )
                                                             )
24                                                           )
                                                             )
25  _____

Case No: 30-2013-00663878-CU-BT-CJC

Judge Gregory Munoz

**COMPLAINT FOR:**

**(1) DECLARATORY RELIEF**

**(2) CONVERSION**

**(3) TRESPASS TO CHATTELS /
PERSONAL PROPERTY**

**(4) INTENTIONAL INTERFERENCE
WITH CONTRACTUAL RELATIONS**

**(5) INTENTIONAL INTERFERENCE
WITH PROSPECTIVE ECONOMIC
ADVANTAGE**

**(6) ABUSE OF PROCESS**

26

27

28

1

COMPLAINT

COTTONE & MOON
LITIGATION ATTORNEYS

1      COMES NOW, Plaintiffs CAROLINE B. WILLIAMS ("WILLIAMS"), as Trustee of the

2  CAROLINE WILLIAMS CHARITABLE REMAINDER UNITRUST ("CRUT"), and BLACK

3  & WILLIAMS FAMILY LIMITED PARTNERSHIP ("FAMILY LP"), allege as follows:

4                          **PARTIES**

5      1.      Plaintiff WILLIAMS is and, at all times mentioned herein, was an individual

6  residing and/or doing business in the county of Orange, state of California.

7      2.      Plaintiff WILLIAMS is, and at all times mentioned herein, was the trustee of the

8  CRUT, a trust governed by the laws of the state of California and qualified (or intended to

9  qualify) as a charitable remainder unitrust within the meaning of Section 664(d)(2) of the

10  Internal Revenue Code and Rev. Proc. 2005-52, and authorized to act on its behalf.  Plaintiff

11  WILLIAMS brings this action on behalf of the CRUT in her capacity as trustee.

12      3.      Plaintiff FAMILY LP is, and at all times mentioned herein, was a limited

13  partnership organized and existing under the laws of the state of Nevada.  Plaintiff WILLIAMS

14  is a 1% general partner of the FAMILY LP.

15      4.      Because a limited partnership is a citizen of each state in which any of its

16  partners, limited or general, are citizens (*Carden v. Arkoma Assocs.* (1990) 494 U.S. 185, 195-

17  96), and because Plaintiff WILLIAMS is a citizen of the state of California, the FAMILY LP is

18  correspondingly a citizen of the state of the California.

19      5.      Upon information and belief, Defendant WELLS FARGO BANK, N.A.

20  ("WELLS FARGO") is, and at all times mentioned herein, was a national banking association

21  with a principal place of business in Sioux Falls, South Dakota, and a subsidiary of Wells Fargo

22  & Company, a corporation organized and existing under the laws of Delaware with a principal

23  place of business in San Francisco, California.  Upon information and belief, at all times relevant

24  hereto, Defendant WELLS FARGO is and was doing pervasive business in the state of

25  California and this venue, and has had substantial contacts with this forum, including, *inter alia*,

26  regularly soliciting customers in this jurisdiction, promoting and offering its financial products

27  and services in this jurisdiction, allowing customers in this jurisdiction to interact with and

28  utilize its products and services directly or through its website(s), and correspondingly deriving

2

COTTONE & MOON
LITIGATION ATTORNEYS

---

COMPLAINT

1   substantial revenues from its business conducted in this jurisdiction.

2       6.      Upon information and belief, Defendant THE VANGUARD GROUP, INC.

3   ("VANGUARD") is, and at all times mentioned herein, was a corporation organized and existing

4   under the laws of Pennsylvania with a principal place of business in Malvern, Pennsylvania.

5   Upon information and belief, at all times relevant hereto, Defendant VANGUARD is and was

6   doing pervasive business in the state of California and this venue, and has had substantial

7   contacts with this forum, including, *inter alia*, regularly soliciting customers in this jurisdiction,

8   promoting and offering its financial products and services in this jurisdiction, allowing customers

9   in this jurisdiction to interact with and utilize its products and services directly or through its

10  website(s), and correspondingly deriving substantial revenues from its business conducted in this

11  jurisdiction.

12      7.      Defendants DOES 1 through 10 are persons, corporations or other entities which

13  reside or are authorized to do and are doing business in the state of California.  DOES 1 through

14  10 were the managerial agents, employees, predecessor, successor, joint-venturer, co-

15  conspirator, alter-ego, and/or representative of Defendants and acted with the permission,

16  authorization and/or ratification and consent of Defendants and any other agents.  Plaintiffs are

17  ignorant of the true names and capacities of each such Defendant sued herein as DOES 1 through

18  10, inclusive, and therefore sue each such Defendant by such fictitious names.  Plaintiffs will

19  amend this Complaint to allege their true names and capacities when ascertained.

20      8.      Plaintiffs are informed and believe and thereon allege that each and every

21  Defendant designated herein as a DOE Defendant is in some way legally responsible in some

22  manner for those acts, circumstances and events described here.  Further, said DOE Defendants

23  caused or contributed to causing the damages resulting from Defendants' conduct, acts and

24  omissions.

25      9.      At all times relevant hereto, each Defendant, including each DOE Defendant, was

26  and is the alter-ego, agent, servant and employee of each other Defendant, and each was at all

27  times herein mentioned acting within the course and scope of said agency and employment and

28  with the full knowledge and consent of all other Defendants and each of said Defendants ratified

1  and approved the conduct of all other Defendants as each other's agent.

2  <u>**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**</u>

3      10.    Venue is proper in this Court because the incident hereinafter referred to and/or

4  the damages suffered by Plaintiffs occurred in the county of Orange, state of California.

5      11.    On or about June 28, 2012, the Texas district court (Harris County, 295th Judicial

6  District, Case No. 2011-64464) granted WELLS FARGO's motion for summary judgment in

7  *Wells Fargo Bank, N.A., as Trustee for the Registered Holders of LaSalle Commercial Mortgage*

8  *Securities, Inc. 2007-MF5, Commercial Mortgage Passthrough Certificates, Series 2007-MF5 v.*

9  *Zulfikar Hirani, Chris Yoon, Selina M. Pierce, Louis Paluscio, Laura Doyle, Cuong V. Ngo,*

10  *Maria E. Williams, Caroline B. Williams, Rafal Zielinski, Vally Mestroni, Magin Coello, and*

11  *Edward L. Rathbone and Adele M. Rathbone, as Trustees of the Rathbone Family Trust dated*

12  *April 18, 2005.*

13      12.    As part of its ruling, the Texas district court ordered, *inter alia*, that judgment be

14  entered against Chris Yoon and WILLIAMS in the amount of $1,377,015.74, jointly and

15  severally, for an outstanding debt owed to WELLS FARGO in connection with a Texas property

16  investment in which WILLIAMS was only a 10% owner.

17      13.    WELLS FARGO also caused the court to issue a Writ of Garnishment Before

18  Judgment to VANGUARD on or about August 6, 2012.

19      14.    By letter dated August 15, 2012, VANGUARD notified WILLIAMS that it had

20  frozen accounts belonging to the CRUT and the FAMILY LP, notwithstanding the fact that those

21  entities were not parties to the Texas suit.  VANGUARD prohibited, among other things,

22  exchanges, redemptions, checkwriting redemptions, trading, and repositioning from being made

23  with respect to those accounts.

24      15.    VANGUARD was also the custodian for WILLIAMS' traditional and Roth

25  individual retirement accounts (IRAs), as well as an account for the Williams Trust, a revocable

26  trust of which WILLIAMS serves as the trustee.  VANGUARD has also frozen the account for

27  the Williams Trust.  Because retirement accounts cannot be garnished under applicable state law,

28  VANGUARD did not freeze WILLIAMS' traditional and Roth IRAs.

4

COTTONE & MOON<br>LITIGATION ATTORNEYS

COMPLAINT

16.     On or about August 30, 2012, VANGUARD filed an Answer to the Writ of Garnishment with the Texas district court, noting that pursuant to a custodial agreement, VANGUARD maintained the aforementioned retirement and investment accounts.

17.     VANGUARD further noted that as of August 14, 2012:  (1) the traditional and Roth IRAs in the name of WILLIAMS, individually, were valued at $409,356.58 and $36,056.99, respectively; (2) the account for the Williams Trust was valued at $17,923.79; (3) the account for the CRUT was valued at $260,108.78; and (4) the account for the FAMILY LP was valued at $1,101,205.90, with a linked brokerage account valued at $196,116.11.

18.     Although VANGUARD had already frozen the accounts for the CRUT, FAMILY LP, and Williams Trust, VANGUARD further asserted in its Answer that a Texas judgment must be registered in Pennsylvania and execution proceedings commenced under Pennsylvania law before VANGUARD can release the attached funds.

19.     After WELLS FARGO caused the Writ of Garnishment to be issued, counsel for WILLIAMS contacted both WELLS FARGO and VANGUARD on a number of occasions to notify them that the garnishment of the aforementioned accounts was improper for a number of reasons, and demanded that the accounts be released from their freeze.

20.     In particular, with respect to the CRUT and FAMILY LP, neither were parties to the judgment in the Texas suit as noted above.

21.     Furthermore, the CRUT is an irrevocable charitable trust that was organized and funded in 2006, and which is pledged to the Yosemite Conservancy.  Although WILLIAMS is required to take a 5% distribution annually under the Internal Revenue Code in order to maintain the qualification of the CRUT (which the garnishment has substantially interfered with in satisfying this requirement), the corpus of the CRUT is nevertheless prohibited from any form of attachment by WILLIAMS' creditors.  However, WELLS FARGO and VANGUARD have not sought to just seize WILLIAMS' distributions from the CRUT, but rather have improperly garnished and frozen the entire corpus of the CRUT.

22.     Likewise, assets in a family limited partnership are not subject to levy or execution of judgments against any general or limited partner.  Rather, through a charging order,

5

COTTONE & MOON
LITIGATION ATTORNEYS

1  a creditor may possibly attach a partner's income or distribution from the partnership, but the

2  assets of the limited partnership themselves are not attachable.  No charging order was obtained

3  in this case.  Rather, as with the CRUT, the entirety of the account for the FAMILY LP was

4  impermissibly garnished and frozen.

5      23.    Despite being informed of the impropriety and illegality of garnishing or freezing

6  the accounts for the CRUT and FAMILY LP, neither WELLS FARGO nor VANGUARD have

7  taken any action to release or unfreeze those accounts to date.

8  **FIRST CAUSE OF ACTION**

9  **DECLARATORY RELIEF**

10  **(BY PLAINTIFFS AGAINST ALL DEFENDANTS)**

11      24.    Plaintiffs repeat and reallege and incorporate by this reference each and every

12  allegation of paragraphs 1 through 23 as though they were set forth in full herein.

13      25.    VANGUARD is the custodian of accounts owned by the CRUT and FAMILY

14  LP.  On or about August 6, 2012, WELLS FARGO caused a Writ of Garnishment to be issued to

15  VANGUARD.  As a result, VANGUARD froze the accounts for the CRUT and FAMILY LP.

16      26.    Plaintiffs have demanded that VANGUARD and WELLS FARGO release the

17  accounts from the improper freeze because neither the CRUT nor FAMILY LP was a party to the

18  judgment in the Texas suit, and further because it is unlawful to garnish or otherwise attach the

19  entirety of the corpus of those accounts to satisfy any judgment debt of WILLIAMS.  To date,

20  VANGUARD and WELLS FARGO have improperly refused to release the accounts.

21      27.    An active dispute and present controversy exists between Plaintiffs and

22  Defendants with respect to legality and propriety of the garnishment of Plaintiffs' accounts.  A

23  judicial declaration is reasonable and necessary to resolve this dispute as soon as reasonably

24  possible.

25  ///

26  ///

27  ///

28  ///

6

COMPLAINT

COTTONE & MOON
LITIGATION ATTORNEYS

## SECOND CAUSE OF ACTION

## CONVERSION

## (BY PLAINTIFFS AGAINST ALL DEFENDANTS)

28.    Plaintiffs repeat and reallege and incorporate by this reference each and every allegation of paragraphs 1 through 27.

29.    VANGUARD is the custodian of accounts owned by the CRUT and FAMILY LP, respectively.  The funds in these accounts are specifically identifiable.  As of August 14, 2012, the account for the CRUT was valued at $260,108.78, and the account for the FAMILY LP was valued at $1,101,205.90, with a linked brokerage account valued at $196,116.11.

30.    On or about August 6, 2012, WELLS FARGO caused a Writ of Garnishment to be issued to VANGUARD.  As a result, VANGUARD froze the accounts for the CRUT and FAMILY LP.

31.    Plaintiffs have demanded that VANGUARD and WELLS FARGO release the accounts from the improper freeze because neither the CRUT nor FAMILY LP was a party to the judgment in the Texas suit, and further because it is unlawful to garnish or otherwise attach the entirety of the corpus of those accounts to satisfy any judgment debt of WILLIAMS.  To date, VANGUARD and WELLS FARGO have improperly refused to release the accounts.

32.    Due to the improper garnishment and subsequent refusal to release the accounts, Defendants have intentionally and substantially interfered with Plaintiffs' property by preventing Plaintiffs from having rightful access and control to their accounts.

33.    Plaintiffs did not consent to the improper garnishment and freeze of their accounts by Defendants.  Thus, Defendants have effectively converted Plaintiffs' property.

34.    As a direct and proximate result of Defendants' unlawful conversion, Plaintiffs have suffered damages in an exact amount to be determined by proof at trial.

35.    Plaintiffs are informed and believe that Defendants, in committing the acts alleged herein, acted willfully, maliciously, and with oppression and fraud with the intent to cause injury to Plaintiffs, or with knowing and conscious disregard for the likelihood of same, to further Defendants' personal interests to the exclusion of Plaintiffs, and to engage in despicable conduct

7

COTTONE & MOON
LITIGATION ATTORNEYS

COMPLAINT

1   with willful and conscious disregard of Plaintiffs' rights.

2        36.     Therefore, in addition to compensatory damages, Plaintiffs should be awarded

3   punitive and exemplary damages sufficient to punish Defendants for engaging in their

4   misconduct, and to deter Defendants and others from engaging in similar misconduct in the

5   future.

6                        **THIRD CAUSE OF ACTION**

7           **TRESPASS TO CHATTELS / PERSONAL PROPERTY**

8               **(BY PLAINTIFFS AGAINST ALL DEFENDANTS)**

9        37.     Plaintiffs repeat and reallege and incorporate by this reference each and every

10  allegation of paragraphs 1 through 36.

11       38.     VANGUARD is the custodian of accounts owned by the CRUT and FAMILY

12  LP, respectively.  The funds in these accounts are specifically identifiable.  As of August 14,

13  2012, the account for the CRUT was valued at $260,108.78, and the account for the FAMILY LP

14  was valued at $1,101,205.90, with a linked brokerage account valued at $196,116.11.

15       39.     On or about August 6, 2012, WELLS FARGO caused a Writ of Garnishment to

16  be issued to VANGUARD.  As a result, VANGUARD froze the accounts for the CRUT and

17  FAMILY LP.

18       40.     Plaintiffs have demanded that VANGUARD and WELLS FARGO release the

19  accounts from the improper freeze because neither the CRUT nor FAMILY LP was a party to the

20  judgment in the Texas suit, and further because it is unlawful to garnish or otherwise attach the

21  entirety of the corpus of those accounts to satisfy any judgment debt of WILLIAMS.  To date,

22  VANGUARD and WELLS FARGO have improperly refused to release the accounts.

23       41.     Due to the improper garnishment and subsequent refusal to release the accounts,

24  Defendants have intentionally and substantially interfered with Plaintiffs' use and/or possession

25  of their property by preventing Plaintiffs from having rightful access and control to their

26  accounts.

27  ///

28  ///

8

42.     Plaintiffs did not consent to the improper garnishment and freeze of their accounts by Defendants.  Thus, Defendants have unlawfully interfered with and/or otherwise harmed Plaintiffs' rights in their property.

43.     As a direct and proximate result of Defendants' misconduct, Plaintiffs have suffered damages in an exact amount to be determined by proof at trial.

44.     Plaintiffs are informed and believe that Defendants, in committing the acts alleged herein, acted willfully, maliciously, and with oppression and fraud with the intent to cause injury to Plaintiffs, or with knowing and conscious disregard for the likelihood of same, to further Defendants' personal interests to the exclusion of Plaintiffs, and to engage in despicable conduct with willful and conscious disregard of Plaintiffs' rights.

45.     Therefore, in addition to compensatory damages, Plaintiffs should be awarded punitive and exemplary damages sufficient to punish Defendants for engaging in their misconduct, and to deter Defendants and others from engaging in similar misconduct in the future.

## FOURTH CAUSE OF ACTION

## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

## (BY PLAINTIFFS AGAINST DEFENDANTS WELLS FARGO AND DOES 1-10)

46.     Plaintiffs repeat and reallege and incorporate by this reference each and every allegation of paragraphs 1 through 45.

47.     Pursuant to valid custodial agreements entered into by VANGUARD and Plaintiffs, VANGUARD serves as the custodian of accounts owned by the CRUT and FAMILY LP, respectively.

48.     WELLS FARGO was aware of the contractual relationship between Plaintiffs and VANGUARD.  On or about August 6, 2012, WELLS FARGO caused a Writ of Garnishment to be issued to VANGUARD, knowing that doing so would cause a disruption in the contractual relations between VANGUARD and Plaintiffs.

///

///

9

COMPLAINT

COTTONE & MOON
LITIGATION ATTORNEYS

49.     As a result of WELLS FARGO's actions, actual disruption of the contractual relations between VANGUARD and Plaintiffs occurred, as VANGUARD froze the accounts for the CRUT and FAMILY LP.

50.     Plaintiffs have demanded that VANGUARD and WELLS FARGO release the accounts from the improper freeze because neither the CRUT nor FAMILY LP was a party to the judgment in the Texas suit, and further because it is unlawful to garnish or otherwise attach the entirety of the corpus of those accounts to satisfy any judgment debt of WILLIAMS.  To date, VANGUARD and WELLS FARGO have improperly refused to release the accounts.

51.     As a direct and proximate result of WELLS FARGO's improper interference, Plaintiffs have suffered damages in an exact amount to be determined by proof at trial.

52.     Plaintiffs are informed and believe that WELLS FARGO, in committing the acts alleged herein, acted willfully, maliciously, and with oppression and fraud with the intent to cause injury to Plaintiffs, or with knowing and conscious disregard for the likelihood of same, to further WELLS FARGO's personal interests to the exclusion of Plaintiffs, and to engage in despicable conduct with willful and conscious disregard of Plaintiffs' rights.

53.     Therefore, in addition to compensatory damages, Plaintiffs should be awarded punitive and exemplary damages sufficient to punish WELLS FARGO for engaging in its misconduct, and to deter WELLS FARGO and others from engaging in similar misconduct in the future.

**FIFTH CAUSE OF ACTION**

**INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

**(BY PLAINTIFFS AGAINST DEFENDANTS WELLS FARGO AND DOES 1-10)**

54.     Plaintiffs repeat and reallege and incorporate by this reference each and every allegation of paragraphs 1 through 53.

55.     An economic relationship exists between VANGUARD and Plaintiffs in which there is and/or was a probability of future economic benefit to Plaintiffs, in particular with respect to the assets held in the Plaintiffs' accounts of which VANGUARD served as custodian.

///

10

COMPLAINT

1    56.    WELLS FARGO was aware of the economic relationship between Plaintiffs and
2  VANGUARD.  On or about August 6, 2012, WELLS FARGO caused a Writ of Garnishment to
3  be issued to VANGUARD, knowing that doing so would cause a disruption in the economic
4  relations between VANGUARD and Plaintiffs.

5    57.    As a result of WELLS FARGO's actions, actual disruption of the economic
6  relations between VANGUARD and Plaintiffs occurred, as VANGUARD froze the accounts for
7  the CRUT and FAMILY LP.

8    58.    Plaintiffs have demanded that VANGUARD and WELLS FARGO release the
9  accounts from the improper freeze because neither the CRUT nor FAMILY LP was a party to the
10  judgment in the Texas suit, and further because it is unlawful to garnish or otherwise attach the
11  entirety of the corpus of those accounts to satisfy any judgment debt of WILLIAMS.  To date,
12  VANGUARD and WELLS FARGO have improperly refused to release the accounts.

13    59.    As a direct and proximate result of WELLS FARGO's improper interference,
14  Plaintiffs have suffered damages in an exact amount to be determined by proof at trial.

15    60.    Plaintiffs are informed and believe that WELLS FARGO, in committing the acts
16  alleged herein, acted willfully, maliciously, and with oppression and fraud with the intent to
17  cause injury to Plaintiffs, or with knowing and conscious disregard for the likelihood of same, to
18  further WELLS FARGO's personal interests to the exclusion of Plaintiffs, and to engage in
19  despicable conduct with willful and conscious disregard of Plaintiffs' rights.

20    61.    Therefore, in addition to compensatory damages, Plaintiffs should be awarded
21  punitive and exemplary damages sufficient to punish WELLS FARGO for engaging in its
22  misconduct, and to deter WELLS FARGO and others from engaging in similar misconduct in the
23  future.

### SIXTH CAUSE OF ACTION
### ABUSE OF PROCESS
### (BY PLAINTIFFS AGAINST DEFENDANTS WELLS FARGO AND DOES 1-10)

27    62.    Plaintiffs repeat and reallege and incorporate by this reference each and every
28  allegation of paragraphs 1 through 61.

11

COTTONE & MOON
LITIGATION ATTORNEYS

COMPLAINT

1    63.    VANGUARD is the custodian of accounts owned by the CRUT and FAMILY

2  LP, respectively.  On or about August 6, 2012, WELLS FARGO caused a Writ of Garnishment

3  to be issued to VANGUARD.

4    64.    WELLS FARGO was fully aware that garnishment or any form of attachment of

5  the CRUT and FAMILY LP's accounts was improper and unlawful.  Indeed, Plaintiffs

6  specifically informed WELLS FARGO that any garnishment of Plaintiffs' accounts was not

7  proper, as neither the CRUT nor FAMILY LP was a party to the judgment in the Texas suit, and

8  further because it is unlawful to garnish or otherwise attach the entirety of the corpus of those

9  accounts to satisfy any judgment debt of WILLIAMS.

10    65.    Nevertheless, to date, WELLS FARGO has refused to release the accounts from

11  the Writ of Garnishment.  Instead, WELLS FARGO seeks to use the unlawful garnishment to

12  knowingly and wrongfully seize assets of the CRUT and FAMILY LP to satisfy the judgment

13  debt of WILLIAMS, gain leverage or a litigation advantage, exert further unjustified pressure on

14  WILLIAMS, and/or otherwise harass WILLIAMS.

15    66.    As a direct and proximate result of WELLS FARGO's unlawful abuse of process

16  in wrongfully utilizing a Writ of Garnishment, Plaintiffs have suffered damages in an exact

17  amount to be determined by proof at trial.

18    67.    Plaintiffs are informed and believe that WELLS FARGO, in committing the acts

19  alleged herein, acted willfully, maliciously, and with oppression and fraud with the intent to

20  cause injury to Plaintiffs, or with knowing and conscious disregard for the likelihood of same, to

21  further WELLS FARGO's personal interests to the exclusion of Plaintiffs, and to engage in

22  despicable conduct with willful and conscious disregard of Plaintiffs' rights.

23    68.    Therefore, in addition to compensatory damages, Plaintiffs should be awarded

24  punitive and exemplary damages sufficient to punish WELLS FARGO for engaging in its

25  misconduct, and to deter WELLS FARGO and others from engaging in similar misconduct in the

26  future.

27  ///

28  ///

COTTONE & MOON
LITIGATION ATTORNEYS

12

COMPLAINT

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

**AS TO THE FIRST CAUSE OF ACTION:**

1. For a judicial declaration that Plaintiffs' accounts cannot be garnished to satisfy any judgment debt of WILLIAMS, and that Plaintiffs' accounts be immediately released from their current freeze;

2. For costs incurred herein; and

3. For such other and further relief as the Court deems just and proper.

**AS TO THE SECOND CAUSE OF ACTION**

1. For damages in an amount to be determined at trial;

2. For punitive damages in an amount to be determined at trial;

3. For interest at the legal rate according to proof at trial;

4. For costs incurred herein; and

5. For such other and further relief as the Court deems just and proper.

**AS TO THE THIRD CAUSE OF ACTION**

1. For damages in an amount to be determined at trial;

2. For punitive damages in an amount to be determined at trial;

3. For interest at the legal rate according to proof at trial;

4. For costs incurred herein; and

5. For such other and further relief as the Court deems just and proper.

**AS TO THE FOURTH CAUSE OF ACTION**

1. For damages in an amount to be determined at trial;

2. For punitive damages in an amount to be determined at trial;

3. For interest at the legal rate according to proof at trial;

4. For costs incurred herein; and

5. For such other and further relief as the Court deems just and proper.

**AS TO THE FIFTH CAUSE OF ACTION**

1. For damages in an amount to be determined at trial;

2. For punitive damages in an amount to be determined at trial;

13

COTTONE & MOON
LITIGATION ATTORNEYS

COMPLAINT

3.    For interest at the legal rate according to proof at trial;

4.    For costs incurred herein; and

5.    For such other and further relief as the Court deems just and proper.

**AS TO THE SIXTH CAUSE OF ACTION**

1.    For damages in an amount to be determined at trial;

2.    For punitive damages in an amount to be determined at trial;

3.    For interest at the legal rate according to proof at trial;

4.    For costs incurred herein; and

5.    For such other and further relief as the Court deems just and proper.

Dated: July 23, 2013

Edwin R. Cottone, Esq.
COTTONE & MOON
Attorneys for Plaintiffs
CAROLINE B. WILLIAMS, AS TRUSTEE OF
THE CAROLINE WILLIAMS CHARITABLE
REMAINDER UNITRUST; AND BLACK &
WILLIAMS FAMILY LIMITED PARTNERSHIP

COTTONE & MOON
LITIGATION ATTORNEYS

14

COMPLAINT

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Edwin R Cottone, 222689<br>Cottone Law<br>5000 Birch Street Suite 3000<br>Newport Beach, CA 92660<br>TELEPHONE NO.: (949) 260-2004<br>ATTORNEY FOR *(Name)*: Plaintiff | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**07/26/2013** at 11:00:00 AM<br><br>Clerk of the Superior Court<br>By Giovanni Galon,Deputy Clerk |
| --- | --- |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Orange County
700 Civic Center Drive West
Santa Ana, CA 92702-1994

| PLAINTIFF/PETITIONER: Caroline B. Williams, etc. et al.<br><br>DEFENDANT/RESPONDENT: Wells Fargo Bank., N.A. | CASE NUMBER:<br>30-2013-00663878-CU-BT-CJC |
| --- | --- |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Williams: OC |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:   Summons, Complaint, Civil Case Cover Sheet, ADR Package

3. a. Party served: Wells Fargo Bank, N.A., a foreign unincorporated entity

   b. Person Served: CSC- Becky DeGeorge - Person authorized to accept service of process
4. Address where the party was served: 2710 N Gateway Oaks Dr Ste 150
   Sacramento, CA 95833

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 7/24/2013          (2) at (time): 1:52 PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   c. on behalf of:

   Wells Fargo Bank, N.A., a foreign unincorporated entity

   under:   CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:      Michelle Dodd
   b. Address:   One Legal - 194-Marin
                504 Redwood Blvd #223
                Novato, CA 94947

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 35.95
   e I am:
      (3) registered California process server.
          (i) Employee or independent contractor.
          (ii) Registration No.: 2001-21
          (iii) County: SACRAMENTO

   **BY FAX**

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
   Date: 7/24/2013

   *Michelle Dodd*

   Michelle Dodd                                    _____
   (NAME OF PERSON WHO SERVED PAPERS)                    (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
| --- | --- | --- |

OL# 7316698