Howard Ross Cabot (To Be Admitted *pro hac vice*)
HCabot@perkinscoie.com
Christopher S. Coleman (To Be Admitted *pro hac vice*)
CColeman@perkinscoie.com
PERKINS COIE LLP
2901 N. Central Avenue, Ste. 2000
Phoenix, AZ 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000

James G. Bernald, Bar No. 205519
JBernald@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

*Attorneys for Defendant The Vanguard Group, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINE B. WILLIAMS, as Trustee of the CAROLINE WILLIAMS CHARITABLE REMAINDER UNITRUST, a California trust; and BLACK & WILLIAMS FAMILY LIMITED PARTNERSHIP, a Nevada limited partnership,<br><br>  Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., a foreign unincorporated entity; and THE VANGUARD GROUP, INC., a foreign corporation; and DOES 1 through 10,<br><br>  Defendants. | Case No. SACV13-01310 DOC (AGRx)<br><br>Hon. David O. Carter<br><br>**ANSWER**<br><br>(Originally filed as Orange County Superior Court Case No. 30-2013-00663878-CU-BT-CJC) |

Defendant The Vanguard Group, Inc. ("Vanguard") answers the complaint of Plaintiffs Caroline Williams, as Trustee of the Caroline Williams Charitable Remainder Unitrust, and Black & Williams Family Limited Partnership ("Plaintiffs") as follows:

1. Vanguard lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 1, and on that basis denies those allegations.

2. Vanguard lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 2, and on that basis denies those allegations.

3. Vanguard lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 3, and on that basis denies those allegations.

4. Paragraph 4 asserts a legal conclusion which Vanguard is not required to admit or deny. To the extent that a response is required, Vanguard states that it lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 4, and on that basis denies those allegations.

5. Vanguard lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 5, and on that basis denies those allegations.

6. Vanguard states that it is a Pennsylvania corporation with its principal place of business in Malvern, Pennsylvania. The remainder of Paragraph 6 asserts legal conclusions which Vanguard is not required to admit or deny. To the extent that a response is required, Vanguard states that it has, from time to time, participated in certain business transaction s that have, in some part, taken place in the State of California.

7. Vanguard lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 7, and on that basis denies those allegations.

8. Vanguard lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 8, and on that basis denies those allegations.

9. Vanguard states that on or about August 6, 2012, a Writ of Garnishment Before Judgment ("Writ of Garnishment") was issued to Vanguard by

the District Court of Harris County, Texas (the "Texas District Court"), in the matter of *Wells Fargo Bank, as Trustee v. Hirani, et al.*, Case No. 2011-64464 (the "Texas Litigation"). Vanguard further states upon information and belief that the Writ of Garnishment was issued by the Texas District Court at the request of Wells Fargo, and that Vanguard froze certain accounts with the knowledge of Wells Fargo in compliance with the Writ of Garnishment. Vanguard denies the remaining allegations of Paragraph 9 insofar as they relate to Vanguard.

10. Paragraph 10 asserts a legal conclusion which Vanguard is not required to admit or deny. To the extent that a response is required, Vanguard denies the allegations of Paragraph 10.

11. Vanguard admits the allegations of Paragraph 11.

12. Upon information and belief, Vanguard states that the Texas District Court in the Texas Litigation ordered that judgment be entered against Chris Yoon and Caroline B. Williams in the amount of $1,377,015.74, jointly and severally, for an outstanding debt owed to Wells Fargo in connection with a Texas property investment. Vanguard lacks knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12, and on that basis denies those allegations.

13. Vanguard states upon information and belief that the Writ of Garnishment was issued by the Texas District Court in the Texas Litigation at the request of Wells Fargo on or about August 6, 2012. Vanguard denies any additional allegations of Paragraph 13.

14. Vanguard states that it advised Caroline Williams by letter dated August 15, 2012, that Vanguard had been served with the Writ of Garnishment in the Texas Litigation, that it had been compelled to freeze certain identified accounts as a result of the Writ of Garnishment, and that pursuant to the court order, no exchanges, redemptions, or checkwriting redemptions from the identified accounts would be permitted until such time as Vanguard received a court order from a court

of appropriate jurisdiction instructing otherwise. Vanguard denies the remaining allegations of Paragraph 14.

15. Vanguard states that a traditional individual retirement account (IRA) and a Roth IRA registered in the name of Caroline Williams and a Williams Trust account for which Caroline Williams was identified as trustee were maintained with Vanguard in or around August 2012. Vanguard further states that Caroline Williams' traditional IRA and her Roth IRA were not frozen by Vanguard. The Williams Trust account was frozen pursuant to the Writ of Garnishment issued to Vanguard by the Texas District Court in the Texas Litigation. Vanguard further states that allegations regarding the legal treatment of retirement accounts under applicable state law assert legal conclusions which Vanguard is not required to admit or deny. Vanguard denies any remaining allegations of Paragraph 15.

16. Vanguard states that on or about August 30, 2012, Vanguard filed an Answer to Writ of Garnishment Before Judgment in the Texas Litigation. In its Answer, Vanguard stated, among other things, that it maintained a Roth and a Traditional IRA registered in the name of Caroline B. Williams, as well as the Williams Trust, the Caroline Williams Charitable Remainder Unitrust, and the Black and Williams Family Limited Partnership. Vanguard denies any remaining allegations of Paragraph 16.

17. Vanguard states that in the Answer to Writ of Garnishment referenced in Paragraph 16, above, Vanguard stated, among other things, that on August 14, 2012, the Roth IRA was valued at $36,056.99, the traditional IRA was valued at $409,356.58, the Williams Trust was valued at $17,923.79, the Caroline Williams Charitable Remainder Unitrust was valued at $260,108.78, and the Black and Williams Family Limited Partnership was valued at $1,101,205.90, with a linked brokerage account valued at $196,116.11. Vanguard further stated that due to market fluctuation, those values were subject to change if and when the shares or

securities were redeemed or sold. Vanguard denies any remaining allegations of Paragraph 17.

18. Vanguard states that when the Answer to Writ of Garnishment referenced in Paragraph 16, above, was filed, Vanguard had frozen the Williams Trust, the Caroline Williams Charitable Remainder Unitrust, and the Black and Williams Family Limited Partnership in compliance with the Writ of Garnishment issued by the Texas District Court in the Texas Litigation. Vanguard further states that the Answer to Writ of Garnishment includes a statement that "before Vanguard can release the attached funds, a Texas judgment must be registered in Pennsylvania pursuant to 42 Pa. C.S. §4306 and execution proceedings commenced under Pennsylvania law." Vanguard denies any remaining allegations of Paragraph 18.

19. Vanguard states that after the Writ of Garnishment was issued in the Texas Litigation, Vanguard received one or more communications from an individual identified as counsel for Caroline Williams who demanded that the Caroline Williams Charitable Remainder Unitrust and the Black and Williams Family Limited Partnership be unfrozen. Vanguard is not aware, however, that Caroline Williams or her counsel took steps to challenge or amend the terms of the Writ of Garnishment issued by the Texas District Court. Vanguard denies any remaining allegations of Paragraph 19.

20. Paragraph 20 asserts a legal conclusion which Vanguard is not required to admit or deny.

21. Vanguard states that the allegations of Paragraph 21 regarding the origin, nature and purpose of the Caroline Williams Charitable Remainder Unitrust assert legal conclusions which Vanguard is not required to admit or deny and as to which Vanguard has no personal knowledge. Vanguard affirmatively denies any allegation that it has acted improperly, and denies any remaining allegations of Paragraph 21.

1. 22. Paragraph 22 asserts legal conclusions which Vanguard is not required to admit or deny. To the extent that a response is required, Vanguard denies the allegations of Paragraph 22.

2. 23. Vanguard states that the Williams Trust, the Caroline Williams Charitable Remainder Unitrust, and the Black and Williams Family Limited Partnership accounts remain frozen pursuant to the Writ of Garnishment issued by the Texas District Court in the Texas Litigation. Vanguard denies the remaining allegations of Paragraph 23.

3. 24. Vanguard incorporates by reference its responses to Paragraphs 1 through 23.

4. 25. Vanguard states that the Caroline Williams Charitable Remainder Unitrust and the Black and Williams Family Limited Partnership accounts are maintained with Vanguard. Vanguard further states that a Writ of Garnishment was issued by the Texas District Court in the Texas Litigation. Vanguard further states upon information and belief that the Writ of Garnishment was issued by the Texas District Court at the request of Wells Fargo. Vanguard further states that, pursuant to the Writ of Garnishment, Vanguard froze the Caroline Williams Charitable Remainder Unitrust and the Black and Williams Family Limited Partnership accounts. Vanguard denies any remaining allegations of Paragraph 25.

5. 26. Vanguard states that the Plaintiffs have demanded that the Caroline Williams Charitable Remainder Unitrust and the Black and Williams Family Limited Partnership be unfrozen. Vanguard further states that those demands are contrary to the Writ of Garnishment issued by the Texas District Court in the Texas Litigation and, to Vanguard's knowledge, Plaintiffs have not taken steps to challenge or amend the Writ of Garnishment. Vanguard further states that, consistent with the Writ of Garnishment, Vanguard has not unfrozen the Caroline Williams Charitable Remainder Unitrust and the Black and Williams Family

Limited Partnership accounts to date. Vanguard denies the remaining allegations of Paragraph 26.

27. Vanguard agrees that a dispute exists between the parties, but denies the remaining allegations of Paragraph 27.

28. Vanguard incorporates by reference its responses to Paragraphs 1 through 27.

29. Vanguard states that the Caroline Williams Charitable Remainder Unitrust and the Black and Williams Family Limited Partnership accounts are maintained with Vanguard. Vanguard further states that on August 14, 2012, the Caroline Williams Charitable Remainder Unitrust was valued at $260,108.78, and the Black and Williams Family Limited Partnership was valued at $1,101,205.90, with a linked brokerage account valued at $196,116.11. Vanguard denies the remaining allegations of Paragraph 29.

30. Vanguard states that a Writ of Garnishment was issued by the Texas District Court in the Texas Litigation. Vanguard further states upon information and belief that the Writ of Garnishment was issued by the Texas District Court at the request of Wells Fargo. Vanguard further states that, pursuant to the Writ of Garnishment, Vanguard froze the Caroline Williams Charitable Remainder Unitrust and the Black and Williams Family Limited Partnership accounts. Vanguard denies any remaining allegations of Paragraph 30.

31. Vanguard states that the Plaintiffs have demanded that the Caroline Williams Charitable Remainder Unitrust and the Black and Williams Family Limited Partnership be unfrozen. Vanguard further states that those demands are contrary to the Writ of Garnishment issued by the Texas District Court in the Texas Litigation and, to Vanguard's knowledge, Plaintiffs have not taken steps to challenge or amend the Writ of Garnishment. Vanguard further states that, consistent with the Writ of Garnishment, Vanguard has not unfrozen the Caroline Williams Charitable Remainder Unitrust and the Black and Williams Family

Limited Partnership accounts to date. Vanguard denies the remaining allegations of Paragraph 31.

32. Vanguard denies the allegations of Paragraph 32.

33. Vanguard denies the allegations of Paragraph 33.

34. Vanguard denies the allegations of Paragraph 34.

35. Vanguard denies the allegations of Paragraph 35.

36. Vanguard denies the allegations of Paragraph 36.

37. Vanguard incorporates by reference its responses to Paragraphs 1 through 36.

38. Vanguard states that the Caroline Williams Charitable Remainder Unitrust and the Black and Williams Family Limited Partnership accounts are maintained with Vanguard. Vanguard further states that on August 14, 2012, the Caroline Williams Charitable Remainder Unitrust was valued at $260,108.78, and the Black and Williams Family Limited Partnership was valued at $1,101,205.90, with a linked brokerage account valued at $196,116.11. Vanguard denies the remaining allegations of Paragraph 38.

39. Vanguard states that a Writ of Garnishment was issued by the Texas District Court in the Texas Litigation. Vanguard further states upon information and belief that the Writ of Garnishment was issued by the Texas District Court at the request of Wells Fargo. Vanguard further states that, pursuant to the Writ of Garnishment, Vanguard froze the Caroline Williams Charitable Remainder Unitrust and the Black and Williams Family Limited Partnership accounts. Vanguard denies any remaining allegations of Paragraph 39.

40. Vanguard states that the Plaintiffs have demanded that the Caroline Williams Charitable Remainder Unitrust and the Black and Williams Family Limited Partnership be unfrozen. Vanguard further states that those demands are contrary to the Writ of Garnishment issued by the Texas District Court in the Texas Litigation and, to Vanguard's knowledge, Plaintiffs have not taken steps to

challenge or amend the Writ of Garnishment. Vanguard further states that, consistent with the Writ of Garnishment, Vanguard has not unfrozen the Caroline Williams Charitable Remainder Unitrust and the Black and Williams Family Limited Partnership accounts to date. Vanguard denies the remaining allegations of Paragraph 40.

41. Vanguard denies the allegations of Paragraph 41.

42. Vanguard denies the allegations of Paragraph 42.

43. Vanguard denies the allegations of Paragraph 43.

44. Vanguard denies the allegations of Paragraph 44.

45. Vanguard denies the allegations of Paragraph 45.

46. Vanguard incorporates by reference its responses to Paragraphs 1 through 45.

47. Vanguard is not required to admit or deny the allegations of Paragraph 47, which relate to a cause of action that is not asserted against Vanguard.

48. Vanguard is not required to admit or deny the allegations of Paragraph 48, which relate to a cause of action that is not asserted against Vanguard. To the extent that any response from Vanguard may be necessary, Vanguard states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 and on that basis denies those allegations.

49. Vanguard is not required to admit or deny the allegations of Paragraph 49, which relate to a cause of action that is not asserted against Vanguard. To the extent that any response from Vanguard may be necessary, Vanguard denies the allegations of Paragraph 49.

50. Vanguard is not required to admit or deny the allegations of Paragraph 50, which relate to a cause of action that is not asserted against Vanguard. To the extent that any response from Vanguard may be necessary, Vanguard states that the Plaintiffs have demanded that the Caroline Williams Charitable Remainder Unitrust and the Black and Williams Family Limited Partnership be unfrozen. Vanguard

further states that those demands are contrary to the Writ of Garnishment issued by the Texas District Court in the Texas Litigation and, to Vanguard's knowledge, Plaintiffs have not taken steps to challenge or amend the Writ of Garnishment. Vanguard further states that, consistent with the Writ of Garnishment, Vanguard has not unfrozen the Caroline Williams Charitable Remainder Unitrust and the Black and Williams Family Limited Partnership accounts to date. Vanguard denies the remaining allegations of Paragraph 50.

51. Vanguard is not required to admit or deny the allegations of Paragraph 51, which relate to a cause of action that is not asserted against Vanguard. To the extent that any response from Vanguard may be necessary, Vanguard denies the allegations of Paragraph 51.

52. Vanguard is not required to admit or deny the allegations of Paragraph 52, which relate to a cause of action that is not asserted against Vanguard. To the extent that any response from Vanguard may be necessary, Vanguard denies the allegations of Paragraph 52.

53. Vanguard is not required to admit or deny the allegations of Paragraph 53, which relate to a cause of action that is not asserted against Vanguard. To the extent that any response from Vanguard may be necessary, Vanguard denies the allegations of Paragraph 53.

54. Vanguard incorporates by reference its responses to Paragraphs 1 through 53.

55. Vanguard is not required to admit or deny the allegations of Paragraph 55, which relate to a cause of action that is not asserted against Vanguard. To the extent that any response from Vanguard may be necessary, Vanguard states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 and on that basis denies those allegations.

56. Vanguard is not required to admit or deny the allegations of Paragraph 56, which relate to a cause of action that is not asserted against Vanguard. To the

extent that any response from Vanguard may be necessary, Vanguard states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 and on that basis denies those allegations.

57. Vanguard is not required to admit or deny the allegations of Paragraph 57, which relate to a cause of action that is not asserted against Vanguard. To the extent that any response from Vanguard may be necessary, Vanguard states that Vanguard froze the Caroline Williams Charitable Remainder Unitrust and the Black and Williams Family Limited Partnership accounts pursuant to a Writ of Garnishment issued by the Texas District Court in the Texas Litigation. Vanguard denies the remaining allegations of Paragraph 57.

58. Vanguard is not required to admit or deny the allegations of Paragraph 58, which relate to a cause of action that is not asserted against Vanguard. To the extent that any response from Vanguard may be necessary, Vanguard states that the Plaintiffs have demanded that the Caroline Williams Charitable Remainder Unitrust and the Black and Williams Family Limited Partnership be unfrozen. Vanguard further states that those demands are contrary to the Writ of Garnishment issued by the Texas District Court in the Texas Litigation and, to Vanguard's knowledge, Plaintiffs have not taken steps to challenge or amend the Writ of Garnishment. Vanguard further states that, consistent with the Writ of Garnishment, Vanguard has not unfrozen the Caroline Williams Charitable Remainder Unitrust and the Black and Williams Family Limited Partnership accounts to date. Vanguard denies the remaining allegations of Paragraph 58.

59. Vanguard is not required to admit or deny the allegations of Paragraph 59, which relate to a cause of action that is not asserted against Vanguard. To the extent that any response from Vanguard may be necessary, Vanguard denies the allegations of Paragraph 59.

60. Vanguard is not required to admit or deny the allegations of Paragraph 60, which relate to a cause of action that is not asserted against Vanguard. To the

extent that any response from Vanguard may be necessary, Vanguard denies the allegations of Paragraph 60.

61.     Vanguard is not required to admit or deny the allegations of Paragraph 61, which relate to a cause of action that is not asserted against Vanguard. To the extent that any response from Vanguard may be necessary, Vanguard denies the allegations of Paragraph 61.

62.     Vanguard incorporates by reference its responses to Paragraphs 1 through 61.

63.     Vanguard is not required to admit or deny the allegations of Paragraph 63, which relate to a cause of action that is not asserted against Vanguard. To the extent that any response from Vanguard may be necessary, Vanguard states that the Caroline Williams Charitable Remainder Unitrust and the Black and Williams Family Limited Partnership accounts are maintained with Vanguard. Vanguard further states that a Writ of Garnishment was issued by the Texas District Court in the Texas Litigation. Vanguard further states upon information and belief that the Writ of Garnishment was issued by the Texas District Court at the request of Wells Fargo. Vanguard denies any further allegations of Paragraph 63.

64.     Vanguard is not required to admit or deny the allegations of Paragraph 64, which relate to a cause of action that is not asserted against Vanguard. To the extent that any response from Vanguard may be necessary, Vanguard denies the allegations of Paragraph 64.

65.     Vanguard is not required to admit or deny the allegations of Paragraph 65, which relate to a cause of action that is not asserted against Vanguard. To the extent that any response from Vanguard may be necessary, Vanguard denies the allegations of Paragraph 65.

66.     Vanguard is not required to admit or deny the allegations of Paragraph 66, which relate to a cause of action that is not asserted against Vanguard. To the

extent that any response from Vanguard may be necessary, Vanguard denies the allegations of Paragraph 66.

67. Vanguard is not required to admit or deny the allegations of Paragraph 67, which relate to a cause of action that is not asserted against Vanguard. To the extent that any response from Vanguard may be necessary, Vanguard denies the allegations of Paragraph 67.

68. Vanguard is not required to admit or deny the allegations of Paragraph 68, which relate to a cause of action that is not asserted against Vanguard. To the extent that any response from Vanguard may be necessary, Vanguard denies the allegations of Paragraph 68.

69. Vanguard denies each and every allegation of the complaint not specifically admitted above.

## Affirmative Defenses

Vanguard states the following affirmative defenses to the causes of action asserted in Plaintiffs' complaint without assuming the burden of proof where such a burden is otherwise on Plaintiffs pursuant to applicable substantive or procedural law:

1. Plaintiffs' claims against Vanguard are barred in whole or in part because the complaint fails to state claims against Vanguard upon which the requested relief can be granted.

2. Plaintiffs' claims against Vanguard are barred in whole or in part because Vanguard's actions with respect to the accounts in issue were undertaken at the direction of, and in conformity with, the Writ of Garnishment issued to Vanguard on or about August 6, 2012, by the Texas District Court in the Texas Litigation.

3. Plaintiffs' claims against Vanguard are barred in whole or in part by the provisions of Texas Civil Practice & Remedies Code § 63.008 and Finance Code § 59.008, which provide statutory protection against Plaintiffs' claims.

4.      Plaintiffs' claims against Vanguard are barred in whole or in part because Plaintiffs failed to comply with the procedural and substantive requirements of Rules 657 - 679, Tex. R. Civ. P., which set forth procedures for the orderly adjudication of disputes regarding the nature and scope of a writ of garnishment or garnishment judgment.

5.      Plaintiffs' claims against Vanguard are barred in whole or in part because the issuance and service of the Writ of Garnishment by the Texas District Court in the Texas Litigation fixed jurisdiction to adjudicate title and ownership of subject funds with the Texas District Court, such that this Court lacks subject matter jurisdiction over, and/or is an improper forum for the resolution of, Plaintiffs' claims.

6.      Plaintiffs' claims against Vanguard are barred in whole or in part because any and all alleged damages are attributable to independent and superseding causes which were not caused by, or reasonably foreseeable to, Vanguard.

7.      Plaintiffs' claims against Vanguard are barred in whole or in part because any alleged damages sustained by Plaintiffs were proximately caused by the acts or omissions of persons other than Vanguard, and beyond Vanguard's supervision and control.

8.      Plaintiffs' claims against Vanguard are barred in whole or in part because of the comparative fault of Plaintiffs. If Plaintiffs have been damaged at all, any such alleged damages were the result of their own acts or omissions, and any recovery by Plaintiffs is barred or comparatively reduced by Plaintiffs' percentage fault.

9.      Plaintiffs' claims against Vanguard are barred in whole or in part because any recovery from Vanguard must be limited in direct proportion to the percentage of fault allocated to Vanguard.

10. Plaintiffs' claims against Vanguard are barred in whole or in part because Plaintiffs have failed to mitigate any alleged damages.

11. Plaintiffs' claims against Vanguard are barred in whole or in part because Plaintiffs may not assert causes of action in tort to recover solely economic losses.

12. Plaintiffs' claims against Vanguard are barred in whole or in part because Vanguard's actions at all relevant times were undertaken in good faith and without malice or intention to cause harm.

13. Plaintiffs' claims against Vanguard are barred in whole or in part by the doctrine of laches because Plaintiffs have unreasonably delayed in bringing these claims, and said delays have caused prejudice to Vanguard.

14. Vanguard gives notice that it intends to rely on any additional affirmative defenses that become apparent or available during discovery, and thus reserves the right to amend its answer to assert such additional defenses.

WHEREFORE, Vanguard prays for judgment as follows:

1. That Plaintiffs take nothing from Vanguard by reason of the Complaint;

2. That judgment be entered in favor of Vanguard and against Plaintiffs, and that the claims against Vanguard be dismissed with prejudice;

3. For Vanguard's attorneys' fees and costs of suit incurred herein; and

4. For such other and further relief as the Court deems appropriate.

DATED: August 30, 2013

**PERKINS COIE LLP**

By: /s/ *James G. Bernald*
    James G. Bernald

*Attorneys for Defendant The Vanguard Group, Inc.*

## PROOF OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1888 Century Park East, Suite 1700, Los Angeles, California 90067-1721. On August 30, 2013, I served a copy of the **ANSWER** by placing the document(s) listed in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below:

Bruce J. Zabarauskas
THOMPSON & KNIGHT LLP
10100 Santa Monica Boulevard, Suite 950
Los Angeles, CA 90067

Priscilla Moon
COTTONE & MOON
5000 Birch Street, Suite 3000
Newport Beach, CA 92660

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 30, 2013, at Los Angeles, California.

_____
Cynthia Mejia

LEGAL27635334.4